IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  19-cv-690<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of the Interior under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant the U.S. Department of the Interior has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and

is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      Between October 24, 2018, and December 4, 2018, American Oversight submitted five FOIA requests to DOI seeking records generally relating to then-Deputy Secretary David Bernhardt and his associates and staff at DOI, including communications with his former clients, compliance with ethics requirements, costs associated with travel and security, and communications with certain members of Congress.

8.      On January 2, 2019, David Bernhardt assumed the role of Acting Secretary of the Interior. On February 4, 2019, President Trump announced via Twitter that he intended to nominate David Bernhardt to serve as the permanent Secretary of the Interior.

*Former Client Communications Request*

9. On October 24, 2018, American Oversight submitted a FOIA request to DOI seeking email communications between then-Deputy Secretary Bernhardt and 23 of his former clients:

> All email communications (including email attachments) between (1) Deputy Secretary Bernhardt and (2) any of the following individuals or entities:
>
> 1) Active Network LLC (including but not limited to email addresses ending in @active.com)
> 2) Brownstein Hyatt Farber and Schreck, LLP (including but not limited to email addresses ending in @bhfs.com)
> 3) Cadiz, Inc. (including but not limited to email addresses ending in @cadizinc.com)
> 4) Center for Environmental Science Accuracy and Reliability (CESAR) (including but not limited to email addresses ending in @bestscience.org)
> 5) Cobalt International Energy (including but not limited to email addresses ending in @cobaltintl.com)
> 6) Eni Petroleum, North America (including but not limited to email addresses ending in @eni.com)
> 7) Halliburton Energy Services, LLC (including but not limited to email addresses ending in @halliburton.com or @ienergy.community)
> 8) Hudbay (including but not limited to email addresses ending in @hudbayminerals.com)
> 9) Independent Petroleum Association of America (IPAA) (including but not limited to email addresses ending in @ipaa.com)
> 10) Klees, Don (individual)
> 11) National Ocean Industry Association (NOIA) (including but not limited to email addresses ending in @noia.com)
> 12) Noble Energy Company LLC (including but not limited to email addresses ending in @nblenergy.com)
> 13) NRG Energy Inc. (including but not limited to email addresses ending in @nrg.com)
> 14) Rosemont Copper Company
> 15) Sempra Energy (including but not limited to email addresses ending in @sempra.com or @semprautilities.com)
> 16) Statoil Gulf Services LLC (including but not limited to email addresses ending in @statoil.com or @equinor.com)
> 17) Statoil Wind LLC (including but not limited to email addresses ending in @statoil.com or @equinor.com)

18) Equinor ASA (including but not limited to email addresses ending in @statoil.com or @equinor.com)
19) Targa Resources Company LLC (including but not limited to email addresses ending in @targaresources.com)
20) Taylor Energy Company LLC
21) UBE PC
22) U.S. Oil and Gas Association (including but not limited to email addresses ending in @usoga.org)
23) Westlands Water District (including but not limited to email addresses ending in @wwd.ca.gov)

Please provide all responsive records from January 20, 2017, through the date the search is conducted.

10. On October 24, 2018, DOI acknowledged receiving the Former Client Communications Request and assigned the request tracking number OS-2019-00107.

*Travel and Security Costs Request*

11. On December 3, 2018, American Oversight submitted a FOIA request to DOI seeking records relating to the costs incurred by then-Deputy Secretary Bernhardt's travel and security:

1) Records sufficient to demonstrate total costs reimbursed or paid directly by DOI for any expenses associated with Deputy Secretary Bernhardt's travel, including any expenses associated with the travel of any staff or security detail. Payments or reimbursements include any payments for the cost of government transportation, individual airfare for government employees and their spouses, lodging, meals, per diem payments, rental vehicles, overtime payments, or any other reimbursable travel expenses.

Please provide all responsive records from August 1, 2017, through the date the search is conducted.

2) Records sufficient to demonstrate total costs of any security assigned specifically to Deputy Secretary Bernhardt since August 1, 2017.

3) Records sufficient to demonstrate the source of any non-DOI security (*e.g.*, the United States Marshals Service) assigned specifically to Deputy Secretary Bernhardt since August 1, 2017.

12. On December 7, 2018, DOI acknowledged receiving the Travel and Security Costs Request and assigned the request tracking number OS-2019-00253.

*Congressional Communications Request*

13. On December 4, 2018, American Oversight submitted a FOIA request to DOI seeking email communications between then-Deputy Secretary Bernhardt and certain members of Congress:

> All email communications and associated attachments between (1) David Bernhardt, Todd Willens, James Cason, Matthew Dermody, and/or Brendan Quinn; and (2) any of the following individuals:
>
> a. Senator John Barrasso or any staffer or representative of Senator Barrasso (including any email address ending in @barrasso.senate.gov)
> b. Senator James Inhofe or any staffer or representative of Senator Inhofe (including any email address ending in @inhofe.senate.gov)
> c. Senator Mike Lee or any staffer or representative of Senator Lee (including any email address ending in @lee.senate.gov)
> d. Representative Rob Bishop or any staffer or representative of Representative Bishop (including but not limited to emails to or from rob.bishop@mail.house.gov)
> e. Representative Pete Olson or any staffer or representative of Representative Olson (including but not limited to emails to or from pete.olson@mail.house.gov)
> f. Representative Dan Newhouse or any staffer or representative of Representative Newhouse (including but not limited to emails to or from dan.newhouse@mail.house.gov)
> g. Representative Louie Gohmert or any staffer or representative of Representative Gohmert (including but not limited to emails to or from louie.gohmert@mail.house.gov)
> h. Representative Bill Huizenga or any staffer or representative of Representative Huizenga (including but not limited to emails to or from bill.huizenga@mail.house.gov)
>
> Please provide all responsive records from January 20, 2017, through the date the search is conducted.

14. On December 10, 2018, DOI acknowledged receiving the Congressional Communications Request and assigned the request tracking number OS-2019-00255.

*Ethics Request*

15. On December 4, 2018, American Oversight submitted a FOIA request to DOI seeking information related to ethics waivers or authorizations, recusal determinations, and phone log records related to then-Deputy Secretary Bernhardt:

5

1) Any conflicts or ethics waivers or authorizations, including authorizations pursuant to 5 C.F.R. § 2635.502, for Deputy Secretary Bernhardt issued since November 29, 2017.

2) Records reflecting any recusal determination made or issued for Deputy Secretary Bernhardt since November 29, 2017.

3) All call logs of Deputy Secretary Bernhardt showing incoming or outgoing calls to or from any number outside of DOI. Please provide all responsive records from August 1, 2017, through the date the search is conducted.

16. On December 10, 2018, DOI acknowledged receiving the Ethics Request and assigned the request tracking number OS-2019-00256.

*Staff Communications Request*

17. On December 4, 2018, American Oversight submitted a FOIA request to DOI seeking email communication between staff and associates of then-Deputy Secretary Bernhardt and 23 of his former clients:

> Records reflecting all communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or GoogleHangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) Todd Willens, James Cason, Matthew Dermody, Brendan Quinn, or any administrative assistant or scheduler to Deputy Secretary Bernhardt; and (2) any of the following individuals or entities:
>
> 1) Active Network LLC (including but not limited to email addresses ending in @active.com)
> 2) Brownstein Hyatt Farber and Schreck, LLP (including but not limited to email addresses ending in @bhfs.com)
> 3) Cadiz, Inc. (including but not limited to email addresses ending in @cadizinc.com)
> 4) Center for Environmental Science Accuracy and Reliability (CESAR) (including but not limited to email addresses ending in @bestscience.org)
> 5) Cobalt International Energy (including but not limited to email addresses ending in @cobaltintl.com)
> 6) Eni Petroleum, North America (including but not limited to email addresses ending in @eni.com)

7) Halliburton Energy Services, LLC (including but not limited to email addresses ending in @halliburton.com or @ienergy.community)
8) Hudbay (including but not limited to email addresses ending in @hudbayminerals.com)
9) Independent Petroleum Association of America (IPAA) (including but not limited to email addresses ending in @ipaa.com)
10) Klees, Don (individual)
11) National Ocean Industry Association (NOIA) (including but not limited to email addresses ending in @noia.com)
12) Noble Energy Company LLC (including but not limited to email addresses ending in @nblenergy.com)
13) NRG Energy Inc. (including but not limited to email addresses ending in @nrg.com)
14) Rosemont Copper Company
15) Sempra Energy (including but not limited to email addresses ending in @sempra.com or @semprautilities.com)
16) Statoil Gulf Services LLC (including but not limited to email addresses ending in @statoil.com or @equinor.com)
17) Statoil Wind LLC (including but not limited to email addresses ending in @statoil.com or @equinor.com)
18) Equinor ASA (including but not limited to email addresses ending in @statoil.com or @equinor.com)
19) Targa Resources Company LLC (including but not limited to email addresses ending in @targaresources.com)
20) Taylor Energy Company LLC
21) UBE PC
22) U.S. Oil and Gas Association (including but not limited to email addresses ending in @usoga.org)
23) Westlands Water District (including but not limited to email addresses ending in @wwd.ca.gov)

Please provide all responsive records from January 20, 2017, through the date the search is conducted.

18. On December 10, 2018, DOI acknowledged receiving the Staff Communications Request and assigned the request tracking number OS-2019-00257.

*Request for Expedited Processing*

19. On March 1, 2019, American Oversight submitted a request that DOI expedite the processing of certain FOIA requests related to Acting Secretary Bernhardt, including the Travel and Security Costs Request (OS-2019-00253), Congressional Communications Request (OS-

7

2019-00255), Ethics Request (OS-2019-00256), and Staff Communications Request (OS-2019-00257), pursuant to 5 U.S.C. § 552(a)(6)(E) and 43 C.F.R. § 2.20(a)(2).

20. American Oversight's FOIA requests involve matters of widespread public and media interest.

21. In light of the president's announcement that he will nominate David Bernhardt to serve as the permanent Secretary of the Interior, the records sought by American Oversight's FOIA requests are urgently required in order to inform the public about federal government activities. The particular value of the information will be lost if not disseminated quickly.

22. American Oversight is primarily engaged in disseminating information to the public.

23. On March 6, 2019, DOI advised American Oversight that it would likely not deem American Oversight's FOIA requests to warrant expedited processing as written, but DOI did not make a final determination as to expedited processing at that time.

24. American Oversight has not yet received any final determination from DOI regarding its March 1, 2019 request for expedited processing.[1]

*Exhaustion of Administrative Remedies*

25. Through DOI's failure to make a decision regarding American Oversight's request for expedited processing of the Travel and Security Costs Request, Congressional Communications Request, Ethics Request, and Staff Communications Request within the time

---

[1] On March 12, 2019, American Oversight submitted a request that DOI expedite the processing of the Former Client Communications Request (OS-2019-00107). The records sought under this request are also urgently needed in order to inform the public about federal government activities.

8

period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

26. As of the date of this Complaint, Defendant has failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing of FOIA Requests

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of DOI on an expedited basis.

30. DOI is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 43 C.F.R. § 2.20.

31. The records sought by American Oversight relate to matters of significant public interest and are urgently needed to inform the public about federal government activities, and therefore justify expedited processing under 43 C.F.R. § 2.20(a)(2).

32. DOI failed to make a final determination as to whether expedited processing was appropriate and notify American Oversight of any such determination within ten days after the date of American Oversight's request to expedite processing of the Travel and Security Costs

Request, Congressional Communications Request, Ethics Request, and Staff Communications Request.

33. DOI's failure to grant expedited processing of the Travel and Security Costs Request, Congressional Communications Request, Ethics Request, and Staff Communications Request violates FOIA and DOI regulations.

34. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring DOI to grant expedited processing of the Travel and Security Costs Request, Congressional Communications Request, Ethics Request, and Staff Communications Request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

35. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36. American Oversight properly requested records within the possession, custody, and control of Defendant.

37. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

38. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

39. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

40. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

41. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42. American Oversight properly requested records within the possession, custody, and control of Defendant.

43. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

44. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

45. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

46. Defendant's failure to provide all non-exempt responsive records violates FOIA.

47. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to expedite the processing of the Travel and Security Costs Request (OS-2019-00253), Congressional Communications Request (OS-2019-00255), Ethics Request (OS-2019-00256), and Staff Communications Request (OS-2019-00257);

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendant to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 12, 2019

Respectfully submitted,

*/s/ Hart W. Wood*
Hart W. Wood
D.C. Bar No. 1034361
Elizabeth France
D.C. Bar No. 999851

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1743
hart.wood@americanoversight.org
beth.france@americanoversight.org

*Counsel for Plaintiff*